## Hall v. Sears Roebuck & Co.

*Paul L. Hammer,* for plaintiffs.
*Herbert Bennett Conner,* for defendant.

WETTICK, *J.,* March 31, 1980—In August, 1979, defendant served supplemental interrogatories on plaintiffs. In February, 1980, defendant filed a motion for sanctions in which it requested this court to order plaintiffs to furnish full and complete answers to these interrogatories. Prior to the hearing on this motion, plaintiffs filed general objections to

these interrogatories, claiming that this discovery is sought in bad faith and would cause unreasonable annoyance, embarrassment, oppression, burden and expense to plaintiffs. Defendant contends that plaintiffs have waived their right to object to these interrogatories by failing to file objections within 30 days after service of the interrogatories. Plaintiffs contend that the objections may be raised at any time prior to the hearing on the motion for sanctions.

Under the present discovery rules, objections to interrogatories are governed by Pa.R.C.P. 4006(2) which provides:

"Each interrogatory shall be answered fully and completely unless objected to, in which event the reasons for the objection shall be stated in lieu of an answer. The answers shall be signed by the person making them, and the objections shall be signed by the attorney making them. The statement of an objection shall not excuse the answering party from answering all remaining interrogatories. to which no objection is stated. The answering party shall file and serve a copy of the answers, and objections if any, within thirty (30) days after the service of the interrogatories. The party submitting the interrogatories may move the court to dismiss an objection and direct that the interrogatory be answered." Also relevant are Rule 4019(a)(1)(i) which permits a court to impose sanctions if "a party fails to serve answers, sufficient answers or objections to written interrogatories under Rule 4005," and Rule 4019(a)(2) which provides that a party who fails to serve answers, sufficient answers or objections to written interrogatories "may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has

filed an appropriate objection or has applied for a protective order."

While Rule 4006(2) provides that objections to interrogatories shall be filed within 30 days, no provision in this rule suggests that objections not raised within the 30 day period are waived. Rule 4019(a)(2) contains the only waiver provisions within the rules of discovery. Under this rule the failure to answer written interrogatories cannot be excused because the interrogatories are objectionable if a party has not filed objections or applied for a protective order. However, this rule does not state that the objections must be filed within 30 days; furthermore, this rule also permits objections to be raised through an application for a protective order and Rule 4012 (which governs protective orders) sets forth no time period within which the protective order must be sought.

In the present case, plaintiffs claim that defendant's discovery is objectionable under Pa.R.C.P. 4011 which provides that no discovery shall be permitted which is sought in bad faith or would cause unreasonable annoyance, embarrassment, oppression, burden or expense. On its face this rule provides absolute protection from discovery. No other provisions within the rules governing discovery indicate that Rule 4011's protections are lost for failure to file objections to interrogatories within Rule 4006(2)'s 30 day period. In the absence of any such indication in the rules, this court can find no basis for concluding that a party who fails to file a timely response to interrogatorties loses the protections of Rule 4011.

This court's decision is consistent with most cases which considered this issue under the previous rules of discovery. The previous rules provided

that: "Within ten (10) days after service of inter-rogatories a party may file and serve written objections thereto" (Pa.R.C.P. 4005(b)); that answers to interrogatories must be filed and served within 20 days after service (Pa.R.C.P. 4006); and that sanctions may be imposed if "a party wilfully fails to file answers or sufficient answers to written interrogatories" (Pa.R.C.P. 4019(a)(1)). Most reported decisions under these rules of discovery held that a party's failure to file objections within ten days did not operate as a waiver of that party's right to object to the interrogatories. See De Montagne v. Albert Einstein Medical Center, 1 D. & C. 3d 604 (1977); Brown v. Metz, 48 D. & C. 2d 711 (1970); Rush v. Butler Fair & Agricultural Assn. (No. 3), 17 D. & C. 2d 250 (1958); Sperath v. Thomas, 48 D. & C. 2d 309 (1969); McCrary v. Kennedy Memorial Hospital, 1 D. & C. 3d 443 (1977); Carney v. Brillson, 68 D. & C. 2d 764 (1975); 10 Goodrich-Amram 2d §4006(a):7; 5 Anderson Pa. Civ. Pract. §4005.49; but see Toomey v. J. Robert Bazley, Inc., 18 D. & C. 2d 673 (1959); and Frank v. Philadelphia, 38 D. & C. 2d 487 (1965).

We recognize that these decisions construing the previous rules of discovery concluded that the language of Rule 4005 providing that a party *may* file objections within ten days was permissive and that the existing rules of discovery provide that answers and objections *shall* be filed within 30 days after service. However, cases such as Rush v. Butler Fair & Agricultural Assn., supra, at 253-54, also recognized that in the absence of clear language to the contrary a court should not require discovery that is outside the scope of the discovery rules:

"It is our opinion that inasmuch as the Procedural Rules specify certain matters which may

be the subject of discovery by written interrogatories, the court is powerless to permit, much less order, discovery of other matters. It is to be borne in mind that the present motion is that sanctions be imposed for failure to answer certain interrogatories. If, as defendants allege, the discovery sought to be elicited by the interrogatories are beyond the scope of the Procedural Rules, it would not be appropriate for the court to order defendants to answer those interrogatories under penalty of sanctions."

This issue was also considered by the Pennsylvania Supreme Court in the case of Nissley v. Pennsylvania Railroad Company, 435 Pa. 503, 510, 259 A. 2d 451, 455 (1969). This case involved an extreme situation in which a party waited until five days before trial to object to an interrogatory which this party had previously agreed to answer; yet the justices who considered the issue of whether this delay in filing objections to the interrogatories constituted a waiver of the right to raise any objections split evenly. An opinion of Justice Jones in which two justices joined found a waiver because of the extreme delay in raising the objections:

"This case aptly demonstrates that the integrity of the discovery rules can be preserved only if the rules are taken more seriously than they were in the lower court. The rule requiring a party to object to an improper interrogatory wihin ten days was included in the Rules of Civil Procedure for a purpose; that purpose would be defeated if we were to accept the lower court's apparent conclusion that the plaintiff's failure to follow this rule was not crucial under the facts of this case."

An opinion of Mr. Justice Eagan in which two other Justices joined reached the opposite conclusion: "In summary then, the majority subverts and nullifies the clear policy of the Rules regarding the discovery of privileged information to foster a principle of waiver, whose existence is doubtful." 435 Pa. at 512, 259 A. 2d at 456.

In the present case, plaintiffs filed their objections prior to the hearing on defendant's motion to compel answers to its interrogatories. For the reasons set forth in this opinion we have concluded that these objections should be considered and we rule that plaintiffs' objections are meritorious as to interrogatories 9-15 and 17-19.

## ORDER

On this March 31, 1980, it is hereby ordered that plaintiffs' objections are sustained as to interrogatories 9-15 and 17-19 and that plaintiffs shall answer defendant's remaining supplemental interrogatories within 20 days.