## Burda v. Cesare

*Maurice Cardone,* for plaintiff.
*Eugene D. Sperazza,* for defendant Cesare.
*John J. Aponick Jr.,* for defendant Bromain.

TOOLE, *J.,* September 12, 1988 — This matter comes before the court upon motion to compel answers to interrogatories. The court received briefs and heard oral argument. The issues are now ripe for resolution.

Plaintiff commenced the instant medical malpractice action by summons on January 20, 1984. A complaint was filed on February 24, 1984, while defendants' answers and new matter were filed on April 3, 1984. A certificate of readiness was filed by plaintiff on July 6, 1987, and pretrial conference took place on September 8, 1987.

On January 20, 1988, plaintiff filed a petition to show cause why plaintiff should not be granted leave to file an amended complaint. By order of Judge Podcasy on April 5, 1988, plaintiff was granted leave to file an amended complaint which she did on April 18, 1988. The amended complaint included a claim for punitive damages.

In addition to the complaint, plaintiff also served interrogatories on defendants on April 18, 1988. These interrogatories dealt exclusively with financial information relative to the punitive damages.

Objections were filed on behalf of Dr. Cesare on June 8, 1988; on June 17, 1988, plaintiff filed a motion to compel answers to discovery. Counsel for Dr. Bromain filed objections on June 23, 1988.

Plaintiff argues that both defendants' objections are untimely and that they should be compelled to answer the interrogatories. Defendants argue that the financial information requested is irrelevant until evidence sufficient to support the allegations of willful, wanton, and outrageous conduct is established.

Any inquiry on this subject must naturally begin with the Rules of Civil Procedure governing discovery. The procedure for answering interrogatories is specifically governed by Pa.R.C.P. 4006, which provides:

"The answering party shall file and serve a copy of the answers and objections, if any, within 30 days after the service of the interrogatories. The party submitting the interrogatories may move the court to dismiss an objection and direct that the interrogatory be answered." 42 Pa. C.S. §4006(a)(2).

Defendants argue that there is nothing to suggest that failing to file objections within 30 days waives those objections. While this may be true, it is also true that the rule does not prohibit a finding that objections not made within 30 days are deemed waived. Numerous courts have so interpreted and this court believes that such a holding best promotes the spirit of the rules.

Our Supreme Court, in *Nissley v. Pa. R.R. Co.,* 435 Pa. 503, 259 A.2d 451 (1969) would not allow a plaintiff to object to interrogatories outside the time limits prescribed by the rules.[1] We recognize the ar-

---

1. *Nissley* was governed by Pa.R.C.P. 4005 which allowed a 10-day time limit. Rule 4006 later expanded the allowance time to 30 days.

guments that the factual difference between the *Nissley* case[2] and the case at bar raise limitations in applying *Nissley* as precedent. The spirit of the court's opinion, however, is equally applicable here as it was there. "[T]he integrity of the discovery rules can be preserved only if the rules are taken more seriously than they were in the lower court. The rule requiring a party to object to an improper interrogatory within 10 days was included in the Rules of Civil Procedure for a purpose; . . . " *Id.* at 510, 259 A.2d at 455.

Similar reasoning has been employed by the courts of common pleas in other counties. In three separate cases, the court in Philadelphia County held that objections not timely filed in accordance with Pa.R.C.P. 4006(a)(2) are considered waived. See *Bonk v. Block,* 12 D. & C. 3d 749 (1980); *Frank v. Philadelphia,* 38 D. & C. 2d 487 (1965); *Construction of Vine Street Extension,* 18 D. & C. 2d 115 (1959). The Montgomery County Court similarly found a waiver of objections to interrogatories not filed within the appropriate time limits in *Hirsch v. Merzow,* 72 D. & C. 2d 736 (1975). *Hirsch* was based on the York County case of *Toomey v. J. Robert Bazley Inc.,* 18 D. & C. 2d 673 (1959). There, the court found the time limits "clear and unambiguous." An interpretation of the rules indicates that untimely objections to interrogatories must be considered waived. Rule 4006 is a mandatory provision and enforcement is left to judical discretion. See *Vogel v. Berkley,* 40 D. & C. 3d 339 (1985).

There are, of course, cases which do not find that

---

2. *Nissley* involved plaintiff's agreeing to supply the requested information and then five days before trial objecting to the interrogatories.

filing objections to interrogatories constitutes a waiver. In *Hall v. Sears, Roebuck & Co.,* 14 D. & C. 3d 231 (1980), the court declined to hold that objections not filed within 30 days are waived. In *DeMontagne v. Einstein Medical Center,* 1 D. & C. 3d 604 (1977), the court held that a party is not precluded from objecting to an offensive interrogatory at the time the other party moves for sanctions.

The rationale of *DeMontagne* was argued here by defendants. More specifically, defendants contend that objections to interrogatories can be made at various stages of the judicial process outside the prescribed time limit of rule 4006. In support of this position, cases have been submitted for the court's review. See e. g., *Sprague v. Walter,* 23 D. & C. 3d 638 (1982). (Motion for protective order in response to a motion to compel.)

After reviewing all of the cases presented we feel persuaded to and hold that in order to adhere to the spirit and letter of the Rules of Civil Procedure, all objections to interrogatories *must be filed within the 30-day time period of rule 4006.* A failure to respond within that time period will be deemed a waiver of the right to object and leaves a party with only one recourse, that is to fully, adequately and completely answer the interrogatories.

Realizing that our decision is of first impression in this county, we have decided that the ruling should be applied prospectively from the date of this order.

Our attention must now turn to the issue of punitive damages. The general principles of punitive damages are well enunciated in *King v. Logue,* 9 D. & C. 3d 137 (1978). "In negligence actions the right to recover punitive damages is contingent upon proof that defendant's actions constituted

wanton misconduct or outrageous conduct done with reckless indifference to the interest of others." *King* at 140. It is established law that a plaintiff is entitled to discovery of a defendant's financial condition when punitive damages are claimed. *Sprague v. Walter, supra; King v. Logue, supra; Judson v. Tracey Jr.,* 25 D. & C. 2d 97 (1961). The pivotal issue is when, that is, at what stage of the proceedings should a defendant's financial status be given to an opposing party.

There is, of course, a dearth of cases with varying standards. This court has previously held averments in the complaint were not sufficient to allow financial discovery. *Norbeth Corp. v. Rex Vending Co.,* 77 Luzerne Leg. Reg. 105 (1987). Yet that is not the situation presently before the court. Here, plaintiff has taken the deposition testimony of both defendants. She points to specific portions of those depositions in support of the claim for punitive damages. We have carefully reviewed the directed pages of depositions and we do not feel the present record contains sufficient evidence at this time to warrant discovery or disclosure of the financial information.

Our decision in no way passes judgment on the validity of plaintiff's claim for punitive damages. Clearly, this is an issue which can be better addressed at some other stage of the proceedings. We also specifically note the possibility that discovery may be appropriate at a later date. At this time, however, the motion to compel will be denied.

## ORDER

It is hereby ordered and decreed that the motion to compel is denied and dismissed without prejudice.