Harold P. McGOVERN,
et. al., Appellees

v.

HOSPITAL SERVICE ASSOCIATION OF NORTHEASTERN PENNSYLVANIA, d/b/a Blue Cross of Northeastern Pennsylvania; HMO of Northeastern Pennsylvania, Inc., d/b/a First Priority Health; and Thomas J. Ward, Appellants

Superior Court of Pennsylvania.

Oct. 26, 2001.

John P. Moses, Wilkes–Barre, for appellants.

George Croner, Philadelphia, for appellees.

Before: McEWEN, President Judge Emeritus, TODD, J., and HESTER, Senior Judge.

HESTER, Senior Judge.

¶ 1 Hospital Service Association of Northeastern Pennsylvania, d/b/a/ Blue Cross of Northeastern Pennsylvania ("Blue Cross"), HMO of Northeastern Pennsylvania, Inc., d/b/a First Priority Health ("First"), and Thomas Ward appeal from the order compelling them to produce all documents, including alleged privileged materials, relating to this action.[1] We are constrained to reverse and remand for proceedings consistent with this adjudication.

¶ 2 This case arises from a companion case captioned *Howell Benefit Services, Inc. v. Hospital Service Association of Northeastern Pennsylvania, et al.,* No. 1398–C–1997, which was settled in March 1997. Approximately four months after

---

1. Although this appeal appears to be from an interlocutory order, Pa.R.A.P. 313 permits review of an order "separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." In *Ben v. Schwartz,* 556 Pa. 475, 729 A.2d 547 (1999), our Supreme Court held that an order such as the one presented in the instant case is appealable as a collateral order. *See also In re Ford Motor Co.,* 110 F.3d 954, 963 (3d Cir.1997) (holding that right to review of an order permitting the discovery of materials allegedly protected by the attorney-client privilege will be lost if an immediate appeal is not allowed).

that case was settled, Harold McGovern *et al.*, Appellees herein, filed a complaint against Appellants alleging breach of contract and tortious interference with existing and prospective contractual relations. The cause of actions in *both* cases stem from Appellants' termination of a general agency agreement among them and Howell Benefit Services, Inc. · ("Howell"). Howell provided health service representatives who assisted in the overall management of various group health insurance programs, and Appellees allege they are a sub-agent of Howell, which solicited applications for insurance on behalf of Appellants and who provided services to employer groups enrolled by Howell.

¶ 3 From the time the complaint was filed on July 7, 1997, until May 29, 1998, the issue of class certification was pending, and no discovery took place except as to that issue. During the next one and one-half years, putative class members determined whether they would pursue their case against Appellants individually or in groups. On January 18, 2000, Appellees filed an amended complaint. Preliminary objections were filed by Appellants, and argument was entertained on May 22, 2000. The trial court subsequently denied the preliminary objections.

¶ 4 On May 31, 2000, Appellees served Appellants with their first set of interrogatories and a documents request.[2] Approximately thirty-five days later, Appellants' counsel informed Appellees by letter that the discovery responses would be forthcoming "shortly." No requests for extensions of time were made or filed. Appellees responded by letter informing Appellants they waived their right to object to any discovery requests in the future since they did not file their responses

within the thirty-day period prescribed by Pa.R.C.P. 4006 and 4009.12.

¶ 5 On July 13, 2000, approximately fourteen days after the thirty-day deadline, Appellants served Appellees with their discovery responses, which Appellees assert were "materially deficient and accompanied by a demand that [Appellee's counsel] execute a 'Stipulation and Protective Order of Confidentiality' before any documents would actually be exchanged." Appellees' brief at 3. Appellants' responses were served with a cover letter that stated in pertinent part,

> Some of the foregoing documents are confidential in nature[.] Therefore, production of the documents is subject to the enclosed Confidentiality Agreement. Kindly execute the agreement and return it to me as soon as possible. We will make the production available for your inspection at the offices of ... Please contact ... to arrange for a time to review the production.

Letter, Defendant's Response to Interrogatories and Requests for Production of Documents, 7/13/00, at 2. The documents that were to be made available included all documents produced and responses served in the *Howell* case, including deposition transcripts.

¶ 6 In their objections, Appellants asserted that some of the information sought was subject to the attorney-client privilege. Taking the position that any objections were waived, Appellees filed a motion to compel, asking the trial court to order full and complete discovery responses. Briefs were submitted, and a hearing was conducted on this issue on September 25, 2000. On November 20, 2000, the trial court ordered Appellants to answer all interrogatories and to submit all discovery

---

**2.** Neither the certified record nor the briefs contain a copy of the interrogatories or a

description of what documents were requested.

documents requested by Appellees. This timely appeal followed.[3]

¶ 7 Preliminarily, we note the following. On January 3, 2001, after Appellants filed their notice of appeal, the trial court ordered them to file a statement of matters complained of pursuant to Pa.R.A.P.1925. Appellants complied, but the court failed to render an opinion as required by the rule. Pa.R.A.P.1925 provides (emphasis added):

Upon receipt of a notice of appeal, the judge who entered the order appealed from, if the reasons for the order do not already appear of record, *shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order,* or for the rulings or other matters complained of . . .

After a careful and thorough review of the record, we are unable to discern the reasons why the trial court rendered its order.

■■■ ¶ 8 Appellants contend the trial court abused its discretion since its order compelling full discovery is an unwarranted sanction. We acknowledge at the outset that "the purpose of the discovery rules is to prevent surprise and unfairness and to allow a fair trial on the merits." *Dominick v. Hanson,* 753 A.2d 824, 826 (Pa.Super.2000). Further, sanctions pursuant to Pa.R.C.P. 4019 generally are imposed when a court order has been violated, although certainly the rule does allow for sanctions when there has been a discovery violation:

According to Pa.R.C.P. 4019, [entitled "Sanctions"], a trial court may "make an appropriate order" if a party "fails to make discovery or to obey an order of court respecting discovery." Pa.R.C.P. 4019(a)(1) (viii). The decision whether

to sanction a party, and if so the severity of such sanction, is vested in the sound discretion of the trial court. *See, e.g., Christian v. Pennsylvania Financial Responsibility Assigned Claims Plan,* 454 Pa.Super. 512 [518–19], 686 A.2d 1, 4 (1996); *Grunde v. Huff,* 433 Pa.Super. 94, 101, 639 A.2d 1227, 1230 (1994). Absent a finding that the trial court abused its discretion, [the Superior] Court will not reverse an order sanctioning a party which the trial court found necessary and proper.

*Croydon Plastics Co., Inc. v. Lower Bucks Cooling & Heating,* 698 A.2d 625, 628 (Pa.Super.1997). We now examine the relevant procedural rules.

¶ 9 Amended on November 7, 1988, Pa. R.C.P. 4006(a)(2), answers to written interrogatories by a party, states in pertinent part, (emphases added): "The answering party *shall* serve a copy of the answers, and objections if any, *within thirty days* after the service of the interrogatories. The party submitting the interrogatories may move the court to dismiss an objection and direct that the interrogatory be answered." Pa.R.C.P. 4009.12(a) (1), answer to request upon a party for production of documents and things, states in pertinent part, (emphasis added): "(a) The party upon whom the [document] request is served *shall within thirty days* after the service of the request (1) serve an answer including objections to each numbered paragraph in the request[.]" We also note that Pa.R.C.P. 126 expressly states, (emphasis added): "The rules [of civil procedure] shall be *liberally construed* to secure the just, speedy and inexpensive determination of every action... The court at every stage . . . may disregard any error

---

**3.** On December 18, 2000, the trial court issued an order staying the underlying order

pending resolution of the instant appeal.

or defect of procedure which does not affect the substantial rights of the parties."

¶ 10 The issue at bar is whether the failure to file objections within thirty days after being served interrogatories and requests for documents results in a waiver of all objections. After an exhaustive search of applicable case law, we have found one plurality decision of our Supreme Court dealing with a similar issue. Likewise, there are a number of published common pleas courts decisions that have addressed the underlying issue but have reached different conclusions.

¶ 11 The only Pennsylvania appellate case to shed light on the issue presented herein is *Nissley v. Pennsylvania Railroad Co.*, 435 Pa. 503, 259 A.2d 451 (1969). In that case, a plurality of our Supreme Court found that a party who failed to answer an interrogatory until four months after service had waived any objection to that interrogatory. The applicable rule *then* stated, "Any party may file and serve upon any adverse party written interrogatories to be answered by the party served ... who shall furnish such information as is available to the party... [A] party *may* file objections to an interrogatory *within ten days* of its receipt." Pa.R.C.P. 4005(a)(b) (emphases added) (4005(b) repealed and superceded by Rule 4006(a)).

¶ 12 *Nissley* involved an action by the administratrix of a deceased employee against the employer railroad. On October 1, 1965, the railroad served the administratrix an interrogatory asking for the name and address of each physician whom the administratrix consulted concerning the accident referred to in the complaint. Six weeks later, the administratrix agreed to answer this interrogatory by December 6, 1965. On December 21, 1965, the administratrix asked for more time. Finally, on February 2, 1966, five days prior to trial, the administratrix responded that no answer was required under Rule 4011(d), which stated,

No discovery or inspection shall be permitted which ... (d) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses.

The railroad filed a motion to compel an answer to the interrogatory, but the trial court denied the motion. Trial was conducted, during which a physician testified as an expert witness on behalf of the administratrix. A verdict was returned for the plaintiff.

¶ 13 Our Supreme Court, with two justices concurring and one justice concurring in the result, reversed. In finding that the railroad potentially was not in a position to discredit the qualifications of the plaintiff's expert witness due to the delays by the administratrix in failing to answer the interrogatory, the Court held:

This case aptly demonstrates that the integrity of the discovery rules can be preserved only if the rules are taken more seriously than they were in the lower court. The rule requiring a party to object to an improper interrogatory within ten days was included in the Rules of Civil Procedure for a purpose[.]

*Id.*, 435 Pa. at 510, 259 A.2d at 455. In contrast, one justice dissenting with two justices concurring, opined:

In summary then, the majority subverts and nullifies the clear policy of the Rules regarding the discovery of privileged information to foster a principle of waiver, whose existence is doubtful.

The majority slaps the hand of the plaintiff's counsel for making sport with procedure, itself ignores procedure, and takes away a verdict from the plaintiff in a case where liability is amply supported by the record. The question thus inevitably arises, "What are courts for?" The majority answers: "To ensure, at all costs, proper procedure." I dissent from its jurisprudence ...

*Id.*, 435 Pa. at 512–13, 259 A.2d at 456 (Eagen, J., dissenting). Thus, while *Nissley* is not precedent since a majority of justices did not join the opinion, *see e.g.,* *Commonwealth v. Garcia,* 749 A.2d 928, 932 n. 7 (Pa.Super.2000) (plurality opinions issued by our Supreme Court do not constitute binding precedential authority); *Commonwealth v. Travaglia,* 723 A.2d 190, 193 n. 2 (1999) (a plurality decision of the Pennsylvania Supreme Court is not binding precedent on the Superior Court), *Nissley* appears to stand for the proposition that failure to file objections within the time-frame as provided by the Rules of Civil Procedure will waive any right to object in the future, even to privileged materials. It should be observed that the rules in 1969 provided for a ten-day period where filing objections was "permissive" and the current rules prescribe a thirty-day period in which objections "shall" be filed. It is difficult to discern if the majority of justices would have ruled differently had the administratrix's objections been lodged close in time after the discovery deadline instead of four months after the deadline and five days prior to trial. Further, the administratrix gave assurances to the railroad that she would be answering the interrogatory but ultimately refused to do so on the eve of trial.

¶ 14 We now examine several common pleas court decisions that have confronted this issue. In *Snyder v. CNA Insurance Companies,* 6 Pa. D & C.4th 549, 1990 WL 300821 (York County.1990), the plaintiff served interrogatories on the defendants on September 27, 1989, and the defendants filed their answers with objections three months later on December 29, 1989. With the objections, the defendants sought a protective order. The plaintiff filed a motion to have the defendants' objections struck as untimely. In denying the plaintiff's motion and granting the defendant's a protective order, the trial court observed that "while rule 4006(a)(2) provides that objections to interrogatories shall be filed within 30 days, nothing suggests that objections not raised within the 30–day period are waived." *Id.* at 553.

¶ 15 A similar result is found in *Hall v. Sears Roebuck & Co.,* 14 Pa. D. & C.3d 231, 1980 WL 812 (Allegheny Cty.1980). In that case, the defendant served supplemental interrogatories on the plaintiff in August 1979. In February 1980, after not receiving its answers, the defendant filed a motion for sanctions requesting the court to order the plaintiff to furnish full and complete answers to the interrogatories. Before a hearing on this motion was heard, the plaintiff filed general objections to the interrogatories, pursuant to Pa.R.C.P. 4011, claiming the discovery was being sought in bad faith. The defendants argued that the plaintiff waived any right to object since he failed to file objections with thirty days after being served the interrogatories.

¶ 16 The trial judge in *Hall* found that no provision of Pa.R.C.P. 4006(2) states that objections not raised within thirty days must be waived. He further reasoned that in light of Rule 4011's absolute protection against bad faith or oppressive discovery, objections filed after the thirty-day period but prior to a hearing on an opponent's motion for sanctions should be considered.

¶ 17 A contrary result was reached in *Burda v. Cesare*, 50 Pa. D. & C.3d 354, 1988 WL 168507 (Luzerne Cty.1988), a case upon which Appellees herein rely. There, the plaintiff served interrogatories upon the defendant on April 18, 1988. Objections were filed on June 8, 1988, and the plaintiff filed a motion to compel on June 17, 1988. The plaintiff in *Burda* argued that any objections were waived since they were made after the thirty-day period as required by the rule. Since the information was irrelevant, the defendant asserted that he did not have to answer the interrogatories. The defendant maintained that the rule does not state that belated objections are waived. The trial court held,

> While this may be true [that there is nothing to suggest that failing to file objections within 30 days waives those objections], it is also true that the rule does not prohibit a finding that objections not made within 30 days are deemed waived. Numerous courts have so interpreted and this court believes that such a holding best promotes the spirit of the rules.

*Id.* at 356.

¶ 18 Similarly, in *Lane v. Hartford Accident and Indemnity Co.*, 6 Pa. D. & C.4th 537, 1990 WL 300276 (Dauphin Cty.1990), the trial court concluded that rules 4006 and 4009, which require the filing of objections to interrogatories and a request for production of documents within thirty days, are mandatory, and the failure to timely object will result in the waiver of the objections. In that case, the plaintiff served on the defendant a request for production of documents on October 20, 1989. On February 13, 1990, the plaintiff served a second request for production of documents and a set of interrogatories. No answers or objections were served until May 11, 1990, and May 18, 1990. In inter-

preting the language of the relevant rules, the trial court found there was no ambiguity about the meaning of the terms "shall" and "30 days." *Id.* at 539. Accordingly, it found that where a timely objection is not made to interrogatories or production of documents, the right to object is waived.

¶ 19 Appellants argue that instead of ordering a *carte blanche* turnover of all requested documents and requested information, including privileged material, the court instead should have considered and focused on a variety of factors such as the nature of the violation, the length of the delay and its reasons, any prejudice that may have resulted from the delay, and whether the prejudice can be cured. We find merit in this approach. One of the reasons this approach is advisable is because the materials being sought herein allegedly are protected by the attorney-client relationship.

¶ 20 Appellants cite to Pa.R.C.P. 4003.1 *et seq.* for the proposition that certain trial preparation materials and facts or opinions of retained experts, and communications between an attorney and client are privileged, and litigants are provided with the right to object at any time to written discovery in these matters. Further, communications between an attorney and client are privileged from disclosure. 42 Pa.C.S. § 5928.

¶ 21 While it remains to be seen if indeed the underlying materials fall under the protection of the attorney-client privilege, the trial court at the very least must conduct an *in camera* inspection of the documents to determine this contention. Pa.R.C.P. 4003.1 clearly states that subject to the provisions of Rules 4003.2 to 4003.5, "a party may obtain discovery regarding any matter, *not privileged*, which is relevant to the subject matter involved in the pending action..." Pa.R.C.P. 4003.1 (emphasis added). We are unaware of any

case law that suggests a trial court may order the discovery of privileged material as a sanction let alone without any balancing. Accordingly, we are extremely reluctant to affirm any order that compels full discovery when the information being sought may be privileged. We therefore find that failure to file objections within the thirty-day time period does *not automatically* waive the right to object.

■ ¶ 22 Furthermore, the imposition of sanctions *always* is subject to a balancing test and a weighing of various factors. As we stated in *Ghaner v. Bindi,* 779 A.2d 585, 2001 PA. Super. 195, ¶ 17 (emphasis added), "[I]t is clear that in the exercise of judicial discretion in formulating an appropriate sanction order, the court is required to select a punishment which *'fits the crime.'* " In the majority of cases where sanctions have been imposed, there almost universally first has been a violation of one or more court orders. Typically, a party makes a request for production of documents or serves interrogatories on the opposing party. If the documents are not produced or the answers are not filed in a timely manner, the party seeking them files a motion to compel. The trial court then enters an order either extending the discovery deadline or ordering full disclosure. Only once *that* order is violated, the court imposes a sanction. As a general rule, we will not consider a discovery delay of *fourteen days* to warrant a *severe sanction,* such as an order compelling violation of the attorney-client privilege. Likewise, we do not think it unreasonable for a party to seek assurances that the material being open to inspection remains confidential and to require the inspecting party to sign a confidentiality agreement or inspect the documents at the location where they are kept.

■ ¶ 23 In the case *sub judice,* we do not know what factors, if any, the trial court considered when addressing Appellees' motion to compel. Our case law dealing with sanctions consistently has held that ·trial courts should consider at the least: (1) the nature and severity of the discovery violation; (2) the defaulting party's willfulness or bad faith; (3) prejudice to the opposing party; and (4) the ability to cure the prejudice. *See Ghaner, supra,* 779 A.2d 585, 2001 PA Super 195, ¶ 13; *Stewart v. Rossi,* 452 Pa.Super. 120, 681 A.2d 214, 217 (1996). While most of these cases involve the most draconian sanction of dismissal or evidentiary preclusion resulting in dismissal, we find the factors utilized therein to be instructive. Hence, they should be applied *whenever* a sanction is imposed. Moreover, there are less severe sanctions available to a trial court than an order compelling discovery of privileged material. These sanctions could be a court order giving a new fixed deadline, fines, or attorney's fees to the inconvenienced party. *See Shin v. Brenan,* 764 A.2d 609, 612 (Pa.Super.2000). There is no indication that the court herein considered these less restrictive sanctions, since, as noted, it did not submit an opinion pursuant to Pa.R.A.P.1925.

■ ¶ 24 From our review of the record, we are unable to discern the reasons why the trial court granted Appellees' motion to compel disclosure of what may be privileged material. The court apparently concluded that a fourteen-day delay in filing objections resulted in waiver of any objections. We disagree. There has been a discovery violation herein since objections were not filed within the time constraints of the applicable rule. However, as with all discovery violations, the sanction must fit the crime. Further, as noted, the rules of procedure are to be liberally construed. Applying the factors enunciated above, we conclude that ordering the disclosure of privileged information is not an appropriate sanction for a

fourteen-day delay in objecting to interrogatories and request for production of documents. The length of delay in filing objections was minimal. There is no prejudice to the opposing party. Appellants have indicated that they are willing to disclose all discoverable materials if appropriate non-disclosure documents are executed. Finally, Appellants have not delayed proceedings by indicating that the materials would be forthcoming and then filing objections. Accordingly, we reverse the order and remand for the trial court to consider the proper test in light of this adjudication and to determine what sanctions, if any, may be appropriate.

¶ 25 Order vacated; case remanded for proceedings not inconsistent with this adjudication. Jurisdiction relinquished.

¶ 26 TODD, J. Files a Dissenting Statement.

TODD, J., Dissenting.

¶ 1 I respectfully dissent. As noted by my esteemed colleague in his Opinion, due to the trial court's failure to file an opinion pursuant to Rule 1925 of the Pennsylvania Rules of Appellate Procedure, this Court is unable to discern from the record the trial court's reasons for entering its November 20, 2000 Order. Accordingly, I would not reach the merits of the instant appeal, but would remand this matter to the trial court for preparation of a Rule 1925 opinion.