# Guffey v. Kyriazis

C.P. of Lackawanna County, No. 2009-2308

*Kevin P. Foley*, for plaintiffs.
*Edward S. Neyhart*, for defendants.

MINORA, *J.*, Dec. 23, 2014—Before the court is defendant's petition for appeal of special trial master (STM) for discovery, attorney Henry Burke's order dated May 8, 2014. In that order, STM Burke entered an order imposing potential sanctions upon the defendant if the information ordered to be produced was not produced within thirty (30) days. The order also precluded defendant from presenting the testimony of Amir Fayyazi, M.D. For the reasons that follow, defendant's petition for appeal of

the STM's order is granted and affirmed and it is ordered that defense counsel is to pay for plaintiffs legal expenses associated with the discovery regarding VSAS and Amir Fayyazi, M.D.

## I. FACTUAL AND PROCEDURAL HISTORY

This case arises from a motor vehicle accident which occurred on November 5, 2007 at 2:35 A.M. William Guffey was driving, and Joyce Guffey (hereinafter "plaintiffs") was a passenger in their 2003 Ford Escape. Plaintiffs were stopped at a traffic light on the intersection of North Main Avenue and Wood Street in Scranton, Pennsylvania. At that time, Steven Kyriazis (hereinafter "defendant Kyriazia"), operating a vehicle jointly owned by him and Amy Marta (hereinafter "defendant Marta"), rear-ended plaintiffs' vehicle, pushing the vehicle into the intersection. Plaintiffs' complaint alleged defendant Kyriazis fled the scene of the accident to conceal his intoxication. Defendant Kyriazis allegedly advised defendant Marta of what had happened and sent her back to the scene of the accident to "cover up" the fact that he was operating the vehicle. Plaintiffs' complaint also alleged that defendant Marta negligently entrusted her vehicle to defendant Kyriazis, knowing that he was under the influence but allowing him to operate her vehicle nonetheless. Both plaintiffs suffered aggravations of pre-existing neck injuries as a result of the accident.

On November 21, 2008, defendant Kyriazis pled guilty to a DUI and admitted in his guilty plea colloquy that he was aware of and knew that plaintiffs were injured in the

collision and fled the scene.

All defendants filed preliminary objections to plaintiffs' complaint on May 15, 2009, which were sustained in part and denied in part.[1] Plaintiffs filed a certificate of readiness for jury trial on November 2, 2011. The certificate of readiness was subsequently stricken by order of this court on November 18, 2011.

On March 16, 2012, all defendants filed a motion for partial summary judgment.[2] On September 21, 2012, the court granted partial summary judgment in favor of defendants, ruling that defendant Marta did not breach a negligent entrustment duty to plaintiffs because there was not sufficient evidence to show that defendant Kyriazis was intoxicated at the time the motor vehicle was entrusted to the defendant. Therefore that was no evidence to support a claim of punitive damages. On October 2, 2012, plaintiffs filed a motion to amend the order for purposes of taking an interlocutory appeal. All defendants filed a response to the motion November 1, 2012. The court denied the interlocutory appeal by order dated December 3, 2012 and the order was sustained by the Superior Court denying the appeal attempt.

---

1. Defendants' preliminary objections alleged the criminal history of defendant Kyriazis had nothing to do with the incident before the court and should be stricken, and that there was no support for the allegation that defendant Marta arrived on the scene to "cover up" for Kyriazis. On June 4, 2009, plaintiffs filed preliminary objections to defendant's preliminary objections. On March 16, 2010, judge Cheslock sustained defendants' objections to Kyriazis' criminal history and overruled the objections as to Maria's' reasons for arriving on the scene. Defendants filed an answer and new matter to plaintiffs' complaint on April 16, 2010.

2. Plaintiffs filed a brief in opposition to the motion for partial summary judgment on May 25, 2012.

Not content to have fought over preliminary objections, a motion for partial summary judgment and an interlocutory appeal, the parties decided to focus their disputes on discovery issues. On April 7, 2011, our STM issued a Rule to Show Cause upon defendant Kyriazis and his counsel attorney Edward Neyhart why plaintiffs' motion to compel and/or sanctions should not be granted. On May 9, 2011, a second motion to compel brought by plaintiffs seeking the Main Street address for defendant Kyriazis was granted by the STM with the sought after address to be provided within twenty (20) days.

Pursuant to Pa.R.C.P. 4010, plaintiffs submitted to a defense medical examination performed by Dr. Fayyazi on May 24, 2012. On May 25, 2012, plaintiffs served all defendants with interrogatories regarding financial information and past litigation experiences of Dr. Fayyazi and his medical group VSAS. On June 21, 2012, in anticipation of defendants' objection to the interrogatories, plaintiffs filed a brief in opposition to any objections to the interrogatories defendants may have had. On July 3, 2012, defense counsel provided the anticipated motion, asserting reasons why certain interrogatories were not compliant with Pa.R.C.P. 4005.

On July 23, 2012, our STM issued an order in favor of plaintiffs, overruling defendants' objections to plaintiffs' interrogatories. The order required defendants to declare their expert, Dr. Fayyazi, to be used at trial and further required Dr. Fayyazi to answer full, complete financial interrogatories concerning he and his medical Group VSAS, going back three (3) years no later than September

15, 2012. On August 1, 2012 all defendants filed an appeal of the STM's order. On February 3, 2014, the honorable judge Carmen D. Minora affirmed the STM's order, and further ordered that the interrogatories be answered and be provided within thirty (30) days of the court's order.

Pursuant to Pa.R.C.P. 4019, plaintiffs filed a motion for sanctions on April 23, 2014. On May 7, 2014, defendants filed a notice of intent to serve a subpoena to produce documents and things for discovery pursuant to Pa.R.C.P. 4009.21 to Dr. Gillick and Dr. Wolk of Northeastern Rehabilitation Associates. The April 23, 2014 motion was argued on May 8, 2014 and the STM entered an order giving defendants thirty (30) days to provide the ordered discovery or to have Dr. Fayyazi precluded from testifying at trial (hereinafter "the order"). On May 12, 2014, plaintiffs filed an objection to defendants subpoenas. On May 19, 2014, all defendants filed the current appeal of the order, and on June 3, 2014, plaintiffs filed a response to defendants' appeal. On July 15, 2014, plaintiffs filed their brief in opposition to defendants' appeal. On July 24, 2014, all defendants filed their brief in support of appeal of the order. On August 15, 2014, defendant's filed their supplemental brief in support of appeal from the order. On August 26, 2014, plaintiffs filed their supplemental brief in opposition to defendants' appeal from the order. On September 10, 2014, defendants filed their reply brief to the plaintiffs' brief in opposition to defendants' appeal of the order.

## II. LEGAL ARGUMENTS OF THE PARTIES

## I. Defendants' Argument

Defendants argue that it was inappropriate for the STM to enter an order potentially precluding Dr. Fayyazi from testifying at trial where the defendant had demonstrated a good faith effort to obtain the requested information. Specifically, defendants argue the Pennsylvania Rules of Civil Procedure, Rule 4019 does not authorize the sanction of precluding a witness where the party has engaged in a good faith effort to obtain the information requested. Defendants' counsel contends that "the court should analyze this factual scenario in accordance with precedent and established law regarding the unavailability of witnesses and the information they could provide." *See* defendants' supplemental brief in support of appeal from order of special trial master Dated May 8, 2014, at 5.

## II. Plaintiffs' Argument

Plaintiffs argue the STM followed the appropriate procedure in entering an order which could potentially preclude Dr. Fayyazi from testifying at trial. Plaintiffs contend that defendants' counsel has repeated appeals, withheld information, repeated misinformation and failed to timely provide documents and information being dilatory, obdurate, and vexious. Plaintiffs further argue that while they have recently come into possession of the relevant documentation requested almost three (3) years ago, it was not as a result of defendants' counsel's compliance with any court order, but rather VSAS' and Dr. Fayyazi's response to a subpoena that the information was finally allegedly provided. Plaintiffs' allege "the proper

analysis in which this honorable court should proceed is in accordance with established precedencial law regarding the failure of a party to produce a document." *See* plaintiffs' supplemental brief in opposition to defendants' appeal from order of special discovery master Dated May 8, 2014, at 11.

## III. DISCUSSION

Pa.R.C.P. 4019 provides in relevant part:

(a)(1) The court may, on motion, make an appropriate order if

(i) a party fails to serve answers, sufficient answers or objections to written interrogatories under Rule 4005;

...

(iii) a person, including a person designated under Rule 4004(a)(2) to be examined, fails to answer, answer sufficiently or object to written interrogatories. under Rule 4004;

...

(vii) a party, in response to a request for production or inspection made under Rule 4009, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested;

(viii) a party or person otherwise fails to make discovery or to obey an order of court respecting discovery.

(2) A failure to act described in subdivision (a)(1) may

not be excused on the ground that the discovery sought is objectionable unless the party failing to act has filed an appropriate objection or has applied for a protective order.

...

(c) The court, when acting under subdivision (a) of this rule, may make

(1) an order that the matters regarding which the questions were asked, or the character or description of the thing or land, or the contents of the paper, or any other designated fact shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(2) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting such party from introducing in evidence designated documents, things or testimony, or from introducing evidence of physical or mental condition;

(3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non pros or by default against the disobedient party or party advising the disobedience;

(4) an order imposing punishment for contempt, except that a party may not be punished for contempt for a refusal to submit to a physical or mental examination under Rule 4010;

(5) such order with regard to the failure to make

150

discovery as is just.

Pa.R.C.P. 4019.

"The decision whether to sanction a party, and if so the severity of such sanction, is vested in the sound discretion of the trial court." *McGovern v. Hospital Service Ass'n of Northeastern Pennsylvania*, 785 A.2d 1012, 1015 (Pa. Super. 2001). "[T]he imposition of sanctions always is subject to a balancing test and a weighing of various factors." *Id.*, at 1019. In the exercise of judicial discretion in formulating an appropriate sanction order, the Court is required to select a punishment that fits the crime. *Id.* When determining if a sanction should be imposed, the court should consider the following factors: "(1) the nature and severity of the discovery violation, (2) the defaulting party's willfulness or bad faith, (3) prejudice to the opposing party, and (4) the ability to cure the prejudice." *See Autochoice Unltd., Inc. v. Avanguard Auto Fin. Inc.*, 2009 AL 7063059 (Pa. Com. PL); *McGovem*, 785 A.2d at 1019. The *McGovern* court found that the above factors are instructive. *McGovem*, 785 A.2d at 1019. "Hence, they should be applied whenever a sanction is imposed." *Id.*

The order provided that defendant would be precluded from presenting the testimony of Dr. Fayyazi if the information regarding Dr. Fayyazi's and VSAS' litigation related financial information and past litigation was not produced within thirty (30) days. Pa.R.C.P. 4019 allows the court to make an appropriate order if a party fails to obey an order of court respecting discovery. Pa.R.C.P. 4019(a)(l)(viii). While the decision whether to sanction a

party is vested in the sound discretion of the trial court, we must consider the factors discussed *supra* in *Autochoice Ultd* and *McGovern. Autochoice Ultd.*, 2009 AL 7063059 (Pa. Com. Pl.); *McGovern*, 785 A.2d at 1019.

Applying the four factors, this honorable court cannot find the imposition of STM Burke's sanctions appropriate. First, defense counsel failed to procure the information regarding VSAS' litigation related information and past litigation as required under the order. This was a direct violation of STM Burke's May 5, 2014. Second, defense counsel argues that they attempted to obtain the information from Dr. Fayyazi, but that Dr. Fayyazi did not have that information available to him. However, plaintiffs contend that the attorney hired by Dr. Fayyazi and VSAS to represent them in response to the subpoenas "represented to plaintiffs' counsel that it was neither Dr. Fayyazi nor VSAS that was responsible for the non-compliance of [STM Burke's] order." Plaintiffs' supplemental brief in opposition to defendants' appeal from order of special discovery mater dated May 8, 2014, at 6.

Third, there appears to be no prejudice to the plaintiffs because they ultimately obtained the information regarding VSAS' litigation related financial information and past litigation through subpoenas. Therefore, plaintiffs have the necessary information at their disposal. Lastly, any potential prejudice was cured due to plaintiffs' receipt of the information required under the order. While defense counsel violated the order, weighing the factors this court cannot find that plaintiffs suffered prejudice and that any possible prejudice was cured when they obtained the

information regarding VSAS' litigation related finances and past litigation.

While the May 5, 2014 STM order was an appropriate sanction under Pa.R.C.P. 4019, this court cannot find the sanction precluding the testimony of Dr. Amir Fayyazi should be imposed under the factors contained *supra* in *Autochoice Ultd* and *McGovern*. However, under Pa.R.C.P. 4019, this court may "make an appropriate order if "a party or person otherwise fails to make discovery or to obey an order of court respecting discovery." Pa.R.C.P. 4019(a)(1)(viii). Because defense counsel directly violated STM Burke's order by failing to procure the information regarding VSAS' litigation related information and past litigation within thirty (30) days, an appropriate sanction should be imposed. We find that the defendants must pay plaintiffs legal expenses associated with this discovery because of their continuous failure to disclose the information that was ordered to be procured by STM Burke. Defendants are also to pay all costs associated with the discovery involving VSAS' and Dr. Amir Fayyazi's litigation related finances and past litigation provided up to date through the anticipated date of litigation.

Defendants' appeal of the STM Order of May 5, 2014 is granted in part in that Dr. Amir Fayyazi will be allowed to present his testimony. The order is denied in part in that defendants are ordered to pay plaintiffs legal expenses and costs associated with the discovery related to VSAS and Amir Fayyazi, M.D as well as for plaintiffs subpoenas which ultimately produced the information which was being stone walled by defendants. An appropriate order follows.

## ORDER

And now, this 23rd day of December 2014, upon consideration of the motions, responsive pleadings and briefs and the able verbal and written arguments of counsel for the parties regarding defendants' appeal of the May 5, 2014 order of special trial master precluding the testimony of Dr. Amir Fayyazi if the information regarding Dr. Amir Fayyazi's and VSAS' litigation related financial information and past litigation which was not produced within thirty (30) days, it is hereby ordered and decreed that defendant's appeal of the special trial master's discovery order of May 5, 2014 is granted in part in that Dr. Amir Fayyazi's testimony will not be precluded. It is denied in part in that it is ordered that defense counsel is to pay plaintiffs legal expenses and costs associated with the discovery dispute regarding Dr. Amir Fayyazi's and VSAS' litigation related financial information and past litigation as well as legal expenses and costs related to the successful subpoenas which ultimately produced the information which was being stone walled by defendants.