**Gilda CLINTON and Jerome Clinton, H/W,[1] Appellee,**

v.

**Willie GILES, Appellant.**

Superior Court of Pennsylvania.

Submitted June 23, 1998.

Filed Aug. 24, 1998.

Reargument Denied Nov. 9, 1998.

---

**1.** On July 9, 1997, appellee, Gilda Clinton, filed a suggestion of death that Jerome Clinton died on February 26, 1993; on December 16, 1997, she filed a praecipe to substitute herself as Administratrix of the Estate of Jerome Clinton, for Jerome Clinton as a party to this suit. Although the docket in the Court of Common Pleas was not amended to conform with the praecipe, the

trial court recognized that a praecipe had been filed, and acknowledged the requested substitution in its caption. *Gilda Clinton, in her own right and as Administratrix of the Estate of Jerome Clinton, Deceased,* Court of Common Pleas of Philadelphia County, First Judicial District of Pennsylvania, January 12, 1998, n. 1 p.2. We will direct the Prothonotary of this Court to amend the caption of this appeal to reflect the substitution.

James Hickey, Philadelphia, for appellant.

Stuart D. Fiel, Philadelphia, for appellees.

Before POPOVICH, ORIE MELVIN and SCHILLER, JJ.

SCHILLER, Judge.

Appellant, Willie Giles, appeals from the Judgment entered as part of the Order of January 12, 1998, denying post-trial relief.[2] We affirm.

## FACTS:

On March 18, 1992 at 6:30 p.m., as Gilda Clinton crossed 51st Street at Market in Philadelphia, she was struck by an automobile driven by appellant. Clinton was knocked to the ground; an ambulance was called; and, she was taken to the University of Pennsylvania Hospital where a head wound was closed and x-rays taken. Ms. Clinton spent two nights and a day in the hospital. Subsequently, she sought continuing treatment for headaches and on-going pain in her knee and pelvis.

On May 2, 1992, Ms. Clinton and her husband, Jerome Clinton, filed a claim to recover for her personal injuries and his loss of consortium. On February 26, 1993, Jerome Clinton died. Prior to trial, appellee filed and was granted a motion in limine to exclude at trial any evidence of her alcohol consumption on the night of the accident. The case was tried before a jury on April 1, 1997, and the following day, the jury returned a verdict in favor of Gilda Clinton in the amount of $40,000, and in favor of Jerome Clinton in the amount of $5,000. On the instructions of the trial judge, the verdict for Mr. Clinton covered only the period from the date of the accident, March 18, 1992 until the date of his death.

On April 14, 1997, appellant filed post-trial motions and Ms. Clinton filed a motion for delay damages. On July 9, 1997, Gilda Clinton filed a suggestion of death noting that Jerome Clinton had died, and on December 16, 1997, she filed a praecipe to substitute herself, as Administratrix of the Estate of Jerome Clinton, as a party to this suit. On January 12, 1998, the trial court denied appellant's motions and granted the motion for delay damages. Judgment was entered in favor of Ms. Clinton in the amount of $62,-961.37, plus post-verdict interest, and in favor of Gilda Clinton, as Administratrix of the Estate of Jerome Clinton, Deceased, in the amount of $5,000.00. This appeal followed.

## DISCUSSION:

Appellant now raises two issues:

1) Whether the trial court erred as a matter of law or abused its discretion in allowing a verdict to be entered in favor of Jerome Clinton, since at the time of the verdict he was deceased and no personal representative was substituted as a party?

2) Whether the trial court erred as a matter of law or abused its discretion in excluding evidence of plaintiff's alcohol consumption and its effect?

Appellant's first argument is that the trial court erred in not granting appellant's motion for judgment notwithstanding the verdict [hereinafter judgment n.o.v.][3] because Jerome Clinton's death prior to trial deprived the court of jurisdiction over any legal entity, thereby making the verdict in his favor a nullity. Appellant further claims that it was error to allow the post-verdict filing of the suggestion of death and substitution of the estate, because it allowed "the addition of a party after trial and verdict."[4] Appellant's Brief, p.6.

---

**2.** Judgment was effectively entered in this case at the time of the trial court's order of January 12, 1998, thereby perfecting our jurisdiction. *See Minich v. City of Sharon*, 325 Pa.Super. 178, 179–80, 472 A.2d 706, 707 (1984).

**3.** Pennsylvania Rule of Civil Procedure 227.1 allows any party to file a motion for post-trial relief, including "the entry of judgment in favor of any party." The motion for post-trial relief

replaces several post-trial motions, including the motion for judgment notwithstanding the verdict which was traditionally labeled a motion for judgment non obstante veredicto (commonly referred to as a motion for judgment n.o.v.).

**4.** We note that appellant was aware from the beginning of the trial, if not earlier, that Jerome Clinton had died. He did not, however, raise the

■ On appeal, our scope of review of a decision regarding judgment n.o.v. is plenary, as the question whether to grant a judgment n.o.v. is one of law. *Nogowski v. Alemo–Hammad,* 456 Pa.Super. 750, 691 A.2d 950 (*en banc*), *alloc. denied,* 550 Pa. 684, 704 A.2d 638 (1997). There are two bases upon which a trial court can take the matter from the fact finder and enter judgment:

> one, the movant is entitled to judgment as a matter of law, *Tremaine v. H.K. Mulford Co.,* 317 Pa. 97, 176 A. 212 (1935), and/or two, the evidence was such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant. *Cummings v. Nazareth Hospital [Borough],* 427 Pa. 14, 233 A.2d 874 (1967).

*Moure v. Raeuchle,* 529 Pa. 394, 402–03, 604 A.2d 1003, 1007 (1992).

In the instant case, citing *Thompson v. Peck,* 320 Pa. 27, 181 A. 597 (1935), appellant claims that the trial court did not have jurisdiction over Jerome Clinton because a dead person may not be party to an action. The facts at hand, however, are inapposite to those of *Thompson.* In *Thompson,* plaintiffs filed an action in trespass against defendant Peck on September 20, 1934; the writ was returned because Peck had died on December 3, 1933, and letters testamentary had been issued. On December 22, 1934, plaintiffs petitioned the court to amend the caption by substituting the executors of Peck's estate. The trial court granted the petition, but the Pennsylvania Supreme Court ultimately reversed, stating:

> [i]t is fundamental that an action at law requires a person or entity which has the right to bring the action, and a person or entity against which the action can be maintained. By its very terms, an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent. A dead man cannot be a party to an action [citation omitted], and any such attempted proceeding is completely void and of no effect [citation omitted]. This disposes of the further argument that the defect was cured by the amendment. **There can be no amendment where there is nothing to amend.** In any event, an amendment the effect of which is to bring in new parties after the running of the statute of limitations will not be permitted [citations omitted]. No proceedings were taken against defendants until after the expiration of the year provided for by the statute; it follows that the action is barred.

*Thompson v. Peck, supra,* (emphasis added) *cited with approval* in *Marzella v. King,* 256 Pa.Super. 179, 181–83, 389 A.2d 659, 661 (1978).

■ Clearly, the pivotal issue in *Thompson* was whether suit was initiated against a legal person. The Court's analysis was based on the fact that because Mr. Peck died before the initiation of the suit, **he had never been a party to a pending action.** *See also Ehrhardt v. Costello,* 437 Pa. 556, 264 A.2d 620 (1970). By contrast, in the present case the complaint against appellant was filed at a time when both Gilda Clinton and Jerome Clinton were alive. Thus, jurisdiction had attached at the point the suit was initiated, and at the time Jerome Clinton died on February 26, 1993, he was a party to the pending legal action. Consequently, because Jerome Clinton was a party to a pending action at the time of his death, the Court of Common Pleas of Philadelphia was authorized to substitute Gilda Clinton, as Administratrix of his Estate as his successor.[5] Moreover, we detect no error in the decision of Gilda Clinton to file her request for substitu-

---

jurisdiction issue until post-trial motions were filed.

**5.** Our procedural rules plainly contemplate just such circumstances, and provide the proper procedure for the substitution of parties. Specifically, **Rule 2352, Substitution of Successor** states, in relevant part:

> (a) The successor may become a party to a pending action by filing of record a statement of the material on which the right to substitution is based.

**Pa.R.Civ.P. 2352(a).** "[S]uccessor means anyone who by operation of law, election or appointment has succeeded to the interest or office of a party to an action." **Pa.R.Civ.P. 2351. Definitions.** .

tion after the verdict.[6] A verdict cannot be given effect until judgment is entered, and an action is pending in the Court of Common Pleas up to the moment judgment is entered. *See Somerset Hospital v. Mitchell & Associates*, 454 Pa.Super. 188, 685 A.2d 141 (1996)(orders dismissing post-trial motions following jury trial are interlocutory and non-appealable until judgment has been entered). *See also Johnston the Florist, Inc. v. TEDCO Construction Corporation*, 441 Pa.Super. 281, 657 A.2d 511 (1995)(there is clear jurisdictional imperative that judgment be entered as a prerequisite to the exercise of judicial review). We, therefore, conclude that appellant's first argument is without merit.

■■■ Appellant next claims he is entitled to a new trial because the trial court erred in granting appellee's pretrial motion in limine to exclude evidence that appellee had consumed alcohol on the evening of the accident. Our standard when reviewing an order denying a motion for a new trial is limited to determining whether the trial court acted capriciously, palpably abused its discretion or committed an error of law which controlled the outcome. *Johnson v. Hyundai Motor America*, 698 A.2d 631 (Pa.Super.1997), *alloc. denied*, 551 Pa. 704, 712 A.2d 286 (1998). Where the issue raised involves the admissibility of evidence, we note that "Pennsylvania trial judges enjoy broad discretion regarding the admissibility of … evidence." *Daset Mining Corp. v. Industrial Fuels Corp.*, 326 Pa.Super. 14, 22, 473 A.2d 584, 588 (1984). In exercising that discretion,

> [t]he threshold task of the trial judge … is to determine whether the evidence is relevant. Once the trial judge determines the evidence is relevant, the further task of the judge is to balance the probative value of evidence against any prejudicial effect of that evidence. Since such balancing is a particular specialty of the trial judge, rulings upon admissibility are committed to the sound discretion of the trial court, and those rulings will not be overturned in the absence of an abuse of discretion.

*Henery v. Shadle*, 443 Pa.Super. 331, 340–41, 661 A.2d 439, 444 (citations omitted), *alloc. denied*, 542 Pa. 670, 668 A.2d 1133 (1995).

The statutory provision relevant to our inquiry states:

> A pedestrian who is under the influence of alcohol or any controlled substance to a degree which renders the pedestrian a hazard shall not walk or be upon a highway except on a sidewalk.

75 Pa.C.S. § 3550. Although there are few cases involving intoxicated pedestrians who have been struck by a motor vehicle, twenty-five years ago this Court stated:

> evidence tending to establish intoxication on the part of a pedestrian is inadmissible unless such evidence proves unfitness to be crossing the street. Pennsylvania courts have gone to great lengths to enforce this rule. Consequently, no reference should be made to a pedestrian's use of alcohol unless there is evidence of intoxication or copious drinking on the part of the pedestrian; for, example, evidence that the injured party was staggering or had liquor on his breath gives support to such an inference.

*Kriner v. McDonald*, 223 Pa.Super. 531, 533–34, 302 A.2d 392, 394 (1973). In *Ackerman v. Delcomico*, 336 Pa.Super. 569, 486 A.2d 410 (1984), this Court specifically considered whether the blood alcohol content of a pedestrian suing a driver for injuries was admissible. The *Ackerman* court stated:

> [T]he theory behind allowing a blood alcohol level to be admitted into evidence in a civil case is that it is relevant circumstantial evidence relating to intoxication. **However, blood alcohol level alone may not be admitted for the purpose of proving intoxication. There must be other evidence showing the actor's conduct which suggests intoxication.** Only then, and if other safeguards are present, may a blood alcohol level be admitted.

*Ackerman v. Delcomico, supra* at 576, 486 A.2d at 414 (citations omitted)(emphasis add-

---

**6.** Gilda Clinton acknowledged in her Memorandum of Law in Response to Motions for Post–Trial Relief that no estate had previously been raised because the decedent had no property prior to the verdict. Memorandum of Law, July 1, 1997. Additionally, without having raised an estate on behalf of Jerome Clinton, she would not have been able to enter the judgment.

ed). This Court recently suggested that conduct establishing intoxication of a pedestrian includes evidence of staggering, stumbling, aimless wandering, or incoherent mumbling. *Whyte v. Robinson*, 421 Pa.Super. 33, 40–43, 617 A.2d 380, 384 (1992).

■ The evidence appellant intended to present was appellee's blood alcohol content as indicated in a hospital lab report, and the testimony of a medical expert interpreting that blood alcohol level. As the trial court correctly ruled,[7] neither was admissible under Pennsylvania law. *Kriner v. McDonald, supra*; *Ackerman v. Delcomico, supra*. Furthermore, there were no other witnesses to the accident, and appellant himself acknowledged that he became aware that he had hit appellee not because he saw her, but rather because he felt a thump. N.T. April 1, 1997, p. 70. In the absence of any evidence related to appellee's conduct or fitness to cross the street on the evening of the accident, the trial judge did not abuse her discretion in granting the motion in limine.

## CONCLUSION:

Jerome Clinton was a party to this action which was pending at the time of his death. Thus, the Court of Common Pleas of Philadelphia validly substituted Gilda Clinton, as Administratrix of Jerome Clinton's Estate, for Jerome Clinton. Furthermore, the trial judge did not abuse her discretion in granting appellee's motion in limine as there was no independent corroboration of appellee's conduct on the night of the accident.

Consequently, the order of the Court of Common Pleas of Philadelphia is affirmed.

---

7. The trial court stated:

> [E]ven where there's expert testimony ..., there must be corroboration by other evidence, before a pedestrian's use of alcohol could come in.... No reference should be made to a pedestrian's use of alcohol, unless there's evidence of excessive or copious drinking, such as staggering, slurring, loud or boisterous behavior.

N.T. April 1, 1997, p.12–13. We agree with this analysis.