J-A28031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TONEY DAVIS, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| VENITA SHOWELL, ADMINISTRATRIX OF THE ESTATE OF WEBSTER H. KILSON, | |
| Appellee | No. 3806 EDA 2015 |

Appeal from the Order December 14, 2015
in the Court of Common Pleas of Delaware County
Civil Division at No.: 14-10767

BEFORE: PANELLA, J., SHOGAN, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED DECEMBER 16, 2016**

Appellant, Toney Davis, appeals from the trial court's order granting summary judgment in favor of Appellee, Venita Showell, Administratrix of the Estate of Webster H. Kilson. Specifically, she challenges the court's order precluding her from presenting evidence at trial as a sanction for her discovery violation, which resulted in the later grant of summary judgment against her. We affirm the motion for sanctions in part, vacate in part, vacate the order granting summary judgment, and remand for the imposition of appropriate sanctions.

_____

[*] Retired Senior Judge assigned to the Superior Court.

We take the following facts from the trial court's December 14, 2015 opinion and our independent review of the record.

Appellant initiated this lawsuit against Appellee on December 4, 2014 for injuries she allegedly suffered on July 9, 2013 on Appellee's premises. On February 5, 2015, Appellee sent Appellant interrogatories and a request for production of documents. On February 23, 2015, before receiving the discovery responses, Appellee filed an answer to the complaint.

On April 15, 2015, when she did not receive the discovery responses, Appellee filed a motion to compel. On April 23, 2015, the trial court granted the motion, and ordered Appellant to provide full and complete discovery responses within twenty days of the order, or suffer the imposition of sanctions upon Appellee's further application to the court.

On June 12, 2015, Appellee filed a motion for sanctions due to Appellant's continued failure to comply with the court's April 23, 2015 order. Appellant did not respond to the motion for sanctions, and, on July 14, 2015, the trial court granted the motion and precluded Appellant "from presenting at trial any witnesses, testimony or evidence relating to information requested in [Appellee's] [i]nterrogatories and [r]equest for [p]roduction of [d]ocuments and the allegations appearing in [Appellant's] [c]omplaint." (Order, 7/14/15). The next day, July 15, 2015, Appellant emailed two hundred and fifty pages of discovery responses to Appellee.

On July 22, 2015, Appellant filed a motion for reconsideration of the court's July 14, 2015 order, in which she stated that she had not responded to the motion to compel due to her counsel's administrative oversight. (*See* [Appellant's] Motion for Reconsideration, 7/22/15, at unnumbered page 1 ¶ 5). On July 24, 2015, Appellee responded to the motion for reconsideration asserting that the discovery responses received on July 15, 2015 were not full and complete, and thus Appellant failed to comply with the April 23, 2015 court order. (*See* [Appellee's] Response to [Appellant's] Motion for Reconsideration, 7/24/15, at unnumbered page 2 ¶ 5). On November 30, 2015, the trial court denied Appellant's motion for reconsideration because of her failure to provide discovery in this case, and her counsel's "course of conduct" in violating the discovery rules and orders in "numerous other cases." (Order, 11/30/15).

On July 24, 2015, Appellee filed a motion for summary judgment. On December 14, 2015, after receiving Appellant's response, the trial court granted Appellee's motion for summary judgment because, as a result of the court having granted the sanctions order, Appellant would be "unable to adduce sufficient evidence on all issues essential to her case on which she

bears the burden of proof." (Trial Court Opinion, 12/14/15, at 3). Appellant timely appealed.[1]

Appellant raises three questions for our review.

1. Whether the trial court abused its discretion and otherwise committed an error of law when it improperly granted [Appellee's] motion for sanctions and precluded [Appellant] from entering evidence at trial?

2. Whether the trial court abused its discretion and otherwise committed an error of law when it improperly denied [Appellant's] motion for reconsideration?

3. Whether the trial court abused its discretion and otherwise committed an error of law when it improperly granted [Appellee's] motion for summary judgment?

(Appellant's Brief, at 10) (unnecessary capitalization omitted).

Appellant's issues challenge the court's grant of Appellee's motion for sanctions, the preclusion of her evidence at trial, and the resulting grant of Appellee's motion for summary judgment. (*See id.*).

We will first address the propriety of the trial court's grant of the motion for sanctions. "Discovery sanctions are appropriate where a party 'fails to make discovery or to obey an order of court respecting discovery.' Pa.R.Civ.P. 4019(a)(1)(viii). The decision to sanction a party is a matter vested in the sound discretion of the trial court." *First Lehigh Bank v.*

_____

[1] The trial court did not order Appellant to file a statement of errors complained of on appeal, but it filed an opinion on December 21, 2015. *See* Pa.R.A.P. 1925.

*Haviland Grille, Inc.*, 704 A.2d 135, 139 (Pa. Super. 1997) (case citation omitted).

In the case *sub judice*, our review of the certified record reveals that Appellee served Appellant with discovery requests on February 5, 2015, approximately two months after Appellant commenced this personal injury action. (*See* [Appellee's] Motion to Compel [Appellant's] Answers to Interrogatories and Responses to Request for Production of Documents, 4/15/15, at 1 ¶ 2; *id.* at Exhibit A). On April 15, 2015, because Appellant failed to produce the requested discovery responses, Appellee filed a motion to compel production. The court granted the motion on April 23, 2015, and directed Appellant to answer Appellee's discovery requests within twenty days or suffer possible sanctions. (*See* Order, 4/23/15). On June 12, 2015, Appellee filed a motion for sanctions for Appellant's failure to comply with the court's order to produce discovery.[2] (*See* Motion for Sanctions, 6/12/15, at 2 ¶ 7).

Based on the foregoing chronology, we conclude that the trial court properly found that sanctions were appropriate because Appellant failed to

---

[2] Appellant argues that Appellee improperly filed the motion for sanctions because she could have chosen an alternative course of action. (*See* Appellant's Brief, at 15-16). However, she fails to provide any legal authority in support of this argument. (*See id.*); Pa.R.A.P. 2119(a)-(b). Therefore, it is waived. *See Rettger v. UPMC Shadyside*, 991 A.2d 915, 932 (Pa. Super. 2010) (finding failure to cite any legal authority in support of analysis resulted in waiver).

provide discovery responses and to comply with the court's order respecting same. **See First Lehigh Bank**, **supra** at 139; Pa.R.C.P. 4019(a)(1)(viii). Therefore, Appellant's first issue lacks merit.

We next turn to Appellant's second argument, that the trial court erred or abused its discretion when it imposed the sanction of precluding her from presenting evidence at trial. (**See** Appellant's Brief, at 16-21).

It is well-settled that "the purpose of the discovery rules is to prevent surprise and unfairness and to allow a fair trial on the merits." **McGovern v. Hosp. Serv. Ass'n. of Northeastern Penn.**, 785 A.2d 1012, 1015 (Pa. Super. 2001) (citation omitted). "As we have cautioned in the past, it is clear that in the exercise of judicial discretion in formulating an appropriate sanction order, the court is required to select a punishment which 'fits the crime.'" **Estate of Ghaner v. Bindi**, 779 A.2d 585, 590 (Pa. Super. 2001) (citation and some internal quotation marks omitted). Where a discovery sanction results in the effective dismissal of a case, our standard of review is stringent. **See Anthony Biddle Contractors, Inc. v. Preet Allied Am. St., LP**, 28 A.3d 916, 926 (Pa. Super. 2011). "[The Pennsylvania Supreme Court] highly disfavor[s] dismissal of an action, whether express or constructive, as a sanction for discovery violations absent the most extreme of circumstances." **City of Phil. v. Frat. Order of Police Lodge No. 5 (Breary)**, 985 A.2d 1259, 1270 (Pa. 2009) (citations omitted).

As explained by our Supreme Court:

[P]arties are technically deprived of their procedural due process rights under the Fourteenth Amendment when they are not afforded full opportunities to present evidence before a court. Identical considerations must be given under Article I, Section 1 of the Pennsylvania Constitution as well. Accordingly, . . . trial courts . . . must carefully weigh multiple aspects of a case before concluding that dismissal of an action, whether explicitly or constructively through the exclusion of evidence, is a proper remedy for a discovery violation.

\* \* \*

While our jurisprudence in this area is somewhat limited, the Superior Court has had the opportunity to develop and apply four similar factors that it concludes trial and appellate courts alike should examine before determining the general severity and vitality of a discovery sanction: (1) the prejudice, if any, endured by the non-offending party and the ability of the opposing party to cure any prejudice; (2) the noncomplying party's willfulness or bad faith in failing to provide the requested discovery materials; (3) the importance of the excluded evidence in light of the failure to provide the discovery; and (4) the number of discovery violations by the offending party. In applying these factors to appeals where a trial court dismissed an action for noncompliance with a discovery order, the Superior Court has consistently placed greater emphasis on the first two factors: (1) the prejudice to the non-offending party and the ability to cure that prejudice; and (2) the willfulness of the offending party's conduct. ***See, e.g.***, ***Stewart v. Rossi***, 452 Pa.Super. 120, 681 A.2d 214, 217 (1996), *appeal denied*, 689 A.2d 235 (Pa. 1997) (holding that because "dismissal is the most severe sanction, it should be imposed only in extreme circumstances, and a trial court is required to balance the equities carefully and dismiss only when the violation of the discovery rules is willful and the opposing party has been prejudiced.").

***Id.*** at 1270-71 (most citations omitted; some citation formatting provided).

Based on the foregoing legal principles and the discovery violation before us **in this case**, we are constrained to conclude that the trial court abused its discretion when it failed to "select a punishment which 'fits the

crime.'" ***Estate of Ghaner***, ***supra*** at 590; ***see Anthony Biddle Contractors, Inc.***, ***supra*** at 926.

First, after examining the record, we cannot conclude that Appellee has suffered the severe level of prejudice required for the sanctions imposed on Appellant. During the initial few months of litigation, Appellant failed to produce responses to the first set of interrogatories and request for production of documents when requested and ordered to do so. This was Appellant's first and only discovery violation in this case and it the only basis of Appellee's motion for sanctions. (***See*** Motion for Sanctions, 6/12/15, at unnumbered pages 1 ¶ 4, 2 ¶ 7). This early in the litigation, it can hardly be said that Appellant's violation involves the extreme circumstances and prejudice to Appellee required for total evidence preclusion. ***See Frat. Order of Police Lodge No. 5***, ***supra*** at 1270; ***compare, e.g.***, ***Stewart***, ***supra*** at 218-19 (concluding defendant suffered sufficient prejudice to justify total preclusion where he was unable to prepare defense, because for years, plaintiff failed to respond to discovery requests, produce names of fact and expert witnesses, provide any expert reports, or conduct depositions).

Also, when the court imposed the discovery sanction, this case had only been active for approximately seven months. One day after the court entered its order, Appellant produced two hundred and fifty pages of documents. Although Appellee complains that the discovery produced was

not full and complete, it is not of record, and we cannot, on Appellee's allegation alone, conclude that Appellant failed to cure any potential prejudice with her production. Therefore, it appears that, although the parties disagree about the quality of the discovery produced, any prejudice experienced by Appellee as a result of Appellant's late discovery production either was remedied by the responses, or easily can be cured upon remand. *See Estate of Ghaner*, *supra* at 590 (concluding imposing sanction of evidence preclusion for party's discovery violation of failing to produce pretrial statement pursuant to Pa.R.C.P. 212.2 was abuse of discretion where violation curable on remand).

Second, based on the evidence of record in the instant case, we cannot conclude that Appellant's actions were willful or in bad faith. Counsel consistently maintained that the discovery violation was not intentional, but instead was the product of administrative oversight. (*See* [Appellant's] Motion for Reconsideration, 7/22/15, at unnumbered page 1 ¶ 5). Indeed, as mentioned above, Appellant had produced two hundred and fifty pages of discovery responses one day after the court issued the sanctions order. (*See id.* at unnumbered page 2 ¶ 8; *id.* at Exhibit D.). While this does not excuse Appellant's earlier inaction, failure to provide the discovery sooner does not make it willful or in bad faith, either. *See Frat. Order of Police Lodge No. 5*, *supra* at 1272 (finding plaintiff did not act in bad faith where

timely noncompliance with subpoena resulted from "clerical error" and subpoenaed documents were later produced).

Third, the importance of the subject evidence cannot be overstated because its preclusion resulted in the ultimate grant of Appellee's motion for summary judgment. (*See* Trial Ct. Op., at 3).

Finally, as mentioned previously, this was Appellant's first discovery violation in this case.[3] We are aware that the court's order was a sanction for the dilatory discovery practices of Appellant's counsel's law firm in other cases in addition to this one; however, we must conclude that the court abused its discretion. Discovery sanctions are meant "to prevent surprise and unfairness and to allow a fair trial on the merits[,]" not to punish Appellant for the actions of her counsel's firm in other cases. *McGovern*, *supra* at 1015 (citation omitted). Hence, particularly where the court's severe sanctions negatively affect Appellant's constitutional rights to due process, *see Frat. Order of Police Lodge No. 5*, *supra* at 1270, we must conclude that the sanctions imposed by the court do not "fit[] the crime" of a

_____

[3] In its opinion, the trial court considered that Appellant failed to appear for an independent medical evaluation (IME) while a decision on the motion for reconsideration of the sanctions order was pending. (*See* Trial Ct. Op., at 5). However, only the first discovery violation is before this Court. The fact that Appellant arguably has committed a second infraction would be a proper consideration for the trial court should Appellee file a motion seeking relief for that offense. *See Frat. Order of Police Lodge No. 5*, *supra* at 1270 (directing court to consider "the number of discovery violations by the offending party").

first discovery violation, which was not committed in bad faith, and does not prejudice Appellee's ability to present a defense at trial. **_Estate of Ghaner_**, **_supra_** at 590. Accordingly, we vacate that portion of the July 14, 2015 sanctions order precluding Appellant "from presenting at trial any witnesses, testimony or other evidence relating to information requested in [Appellee's] interrogatories and request for production of documents and the allegations appearing in [her] complaint." (Order, 7/14/15) (unnecessary capitalization omitted).[4]

In summary, we affirm the court's sanctions order to the extent that the trial court found that Appellee was entitled to sanctions. However, we vacate that portion of the order that precludes Appellant from presenting any witnesses, testimony, or evidence related to information requested in Appellee's discovery requests or in the allegations of the complaint. We remand for the court to impose more appropriate sanctions. Finally, because the court's grant of summary judgment in Appellee's favor was based on the circumstances as they existed after it precluded Appellant from

_____

[4] This decision in no way condones the law firm of Simon & Simon, P.C.'s obstreperous pattern of noncompliance with discovery rules and orders in this, and approximately sixty-four other, cases. (**_See_** Trial Ct. Op., at Attachment). In fact, we sympathize with the frustration of both the trial court and Appellee's counsel. However, there are other, more appropriate, vehicles available to the court for sanctioning the egregious behavior of this law firm other than precluding Appellant from presenting any evidence in her case.

presenting evidence on her behalf, we vacate the order granting summary judgment.

Sanctions order affirmed in part and vacated in part. Summary judgment order reversed. Case remanded. Panel jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/16/2016