J-A05006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARGARET RICE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES RICE | : | No. 1564 WDA 2018 |

Appeal from the Order Entered October 31, 2018
In the Court of Common Pleas of Allegheny County Family Court at
No(s):  FD - 12-006400-005

BEFORE:   BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JULY 02, 2020**

Margaret Rice (Mother) appeals from the order dated September 24, 2018, and entered on October 31, 2018, dismissing Mother's exceptions to the support master's report and recommendation, which dealt with James Rice's (Father) petition to modify an existing child support order for the benefit of Mother's and Father's son, who is a special-needs twenty-year-old individual (Child).  We vacate and remand.

Mother and Father were previously married and were divorced in August of 2013.  In May of 2015, the parties entered into a consent order, which provided for Father's support obligation plus additional expenses required by Child that would be equally split between the parties.  Father filed his petition to modify the support obligation on August 17, 2017, requesting a lowering of

_____

[*] Retired Senior Judge assigned to the Superior Court.

the existing child support order. A complex support hearing was held on March 28, 2018, before a support master. In the order that assigned the support master, dated February 16, 2018, "the parties were reminded … that '[p]retrial [s]tatements [were] to be filed on or before 7 days prior to trial….'" Trial Court Opinion (TCO), 7/19/19, at 1. In its opinion, the trial court explained that Mother "failed to file a full and complete [p]retrial [s]tatement, [and] as a result of which the [m]aster, in accordance with Local Rules 212.2 and 212.3(5), declined to allow [Mother] to introduce exhibits and third[-]party testimony at the support hearing." *Id*. at 2-3.[1] Essentially, Mother was prohibited from testifying herself. Additionally, because Mother had brought Child to the hearing without an aid to tend to Child, she was asked to sit in the hallway with Child because his actions were interrupting the proceedings. As a result, Mother was unable to participate at all in the hearing.

The master issued her decision on May 8, 2018, determining the parties' incomes based on exhibits submitted by Father and setting forth the amount that Father was required to pay in support of Child. The master's hearing summary provides the following in its entirety:

> RECOMMENDATION: Effective 08/17/17 Deft [Father] to pay Pltf [Mother] $518/mo. suppt. for [Child]. There is an overpayment of [$]12,552.56 as of 05/07/18. Due to the payment schedule herein, the overpayment of $12,552.56 is set to zero as of 05/07/18 and no more money will be sent to Plaintiff this month.

---

[1] Mother's pretrial statement includes a narrative statement, a list of witnesses and a list of exhibits that Mother reserves the right to call and/or enter into evidence, and a statement of reservations. However, the portion entitled "Child Support Recommendation/Proposed Order" is entirely blank.

Deft's actual support obligation remains at $518/mo. However, effective 06/01/18 the obligation is charging at $388.50/mo. through the refund period to recoup the overpayment of $12,552.56. On 07/01/26, the monthly suppt obligation will return to $518/mo, unless the [c]ourt determines that the overpayment has been recouped prior to 07/01/26, in which case the court will return the order to $518/mo. If the overpayment is not recouped by 07/01/26, the court will extend the period to fully recoup the overpayment. Any future arrears thereafter will be payable at $5.00/mo. until paid in full. Pltf shall submit documentation to Deft on a monthly basis for reimbursement of his 36% share. Deft shall pay Pltf within 10 days. Any disputed charges shall be submitted to the [c]ourt annually for determination. Parties agreed to reduce the monthly support by 25% to allow Deft to recoup his overpayment more quickly.

EXPLANATION: Parties appeared with counsel for the 3/28/18 hearing. H.O. found Deft/Father's net income to be significantly less than it had been in 2016 when the last Order went into effect. [Child] is 20 yrs old but is unable to support himself for undisputed reasons. [Child] lives with Mother. The parties' older son resides with Father when not at college. Father argued that he assists [older son] with college expenses. However, the H.O. advised Father that under current PA law, he has no obligation to do so and that his first obligation is to provide the necessary child support for [Child].

Master's Hearing Summary, 5/8/18.

Mother filed exceptions to the master's report and recommendation and on August 17, 2018, a hearing was held before the trial court. The resulting court order, dismissing Mother's exceptions and adopting the master's report and recommendation, was dated September 24, 2018. However, the order was not entered on the trial court docket until October 31, 2018. Thereafter, Mother filed her timely appeal to this Court.

Unfortunately, the delays in this matter did not end at that point. The record and the trial court's opinion were due in this Court by December 31,

2018. This Court sent two letters to the trial court, one dated January 31, 2019, and one dated May 3, 2019, indicating that pursuant to Pa.R.A.P. 1935(a), the record was overdue. In the second letter, the trial court was informed that, "upon receipt of the record, a briefing schedule [would] be established, and [that] the appeal process, which [was] currently languishing, [could] go forward." Letter, 5/3/19. The record was finally docketed in this Court on August 1, 2019. Argument was held on February 18, 2020. The case is now finally ready for disposition.

In her appeal to this Court, Mother lists the following issues for our review:

> 1. Did the [t]rial [c]ourt abuse its discretion/err as a matter of law in affirming the [m]aster's decision to preclude Mother's testimony and evidence because of a minor error in her [p]retrial [s]tatement?
>
> 2. Did the [t]rial [c]ourt abuse its discretion/err as a matter of law by not correcting the [m]aster's discrimination of not allowing the parties' handicap [C]hild in the room during the [h]earing due to his special needs, thereby forcing Mother [to] sit in the hallway with the [C]hild and depriving Mother of the opportunity to participate in the hearing?
>
> 3. Did the [t]rial [c]ourt abuse its discretion/err as a matter of law by not correcting the [m]aster's improper calculations of each party's income?
>
> 4. Did the [t]rial [c]ourt abuse its discretion/err as a matter of law by not correcting the [m]aster's error in calculating child support amount and improper calculation of overpayment amount?
>
> 5. Did the [t]rial [c]ourt abuse its discretion/err as a matter of law in affirming the [m]aster's decision regarding additional expenses despite the fact that Father's share was not properly defined and only annual reviews were provided, which thus require[s] Mother

to advance the costs associated with raising a child with special needs?

6. Did the [t]rial [c]ourt abuse its discretion/err as a matter of law in affirming the [m]aster's decision that the parties agreed to reduce the support by twenty-five percent (25%) despite the fact that no such agreement was reached?

Mother's brief at 5-6.

Our review is guided by the following:

In reviewing an order entered in a support proceeding, an appellate court has a limited scope of review. The trial court possesses wide discretion as to the proper amount of child support and a reviewing court will not interfere with the determination of the court below unless there has been a clear abuse of discretion. The function of the appellate court is to determine whether there is sufficient evidence to sustain the order of the hearing judge. An abuse of discretion is not merely an error of judgment; rather, it occurs when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or the result of partiality, bias or ill-will.

***Johnson v. Johnson***, 153 A.3d 318, 321 (Pa. Super. 2016).

We begin by noting that the trial court's opinion addresses the exclusion of evidence and testimony by Mother, concluding that it was proper for the master to so order. To support this conclusion, the trial court's opinion states:

This [c]ourt was not persuaded by any of the evidence or testimony in the record or at the [e]xceptions [a]rgument that the [m]aster committed any material error or omission or any abuse of discretion. On [e]xceptions, [Mother] challenged the [m]aster's calculations of [Father's] income, [Mother's] income, [Father's] child support obligation and overpayments, [Father's] share of medical expenses; [Mother] also challenges the [m]aster's enforcement of a purported agreement to reduce [Father's] support obligation, the [m]aster's establishment of reviews on an annual basis, the [m]aster's failure to award [Mother] an upward deviation, the [m]aster's requirement that Mother supervise the disabled son she brought with her to the complex support hearing, and the [m]aster's refusal to let [Mother] present evidence and/or

testimony because of her failure to submit a complete pretrial statement. This [c]ourt, however, discerned nothing in the record before it that substantiated [] any of these assignments of error, omission or abuse of discretion. Since [Mother] was properly excluded from providing evidence and third-party testimony pursuant to Local Rules 212.2 and 212.3(5), the record provides [Mother] scant evidence upon which to argue that the [m]aster's handling of the admissible evidence and testimony was materially flawed. Presumably, the [m]aster's [r]eport and [r]ecommendations would have been more fully informed had [Mother] submitted a complete pretrial statement and therefore been able to introduce elucidating exhibits and testimony; it was not reversible error, however, either for the [m]aster to have proceeded with the evidence before her, or for this [c]ourt to have affirmed and adopted the [m]aster's [r]eport and [r]ecommendations.

TCO at 2-3.[2]

Additionally, the trial court distinguishes the opinion in ***In re Estate of Ghaner***, 779 A.2d 585 (Pa. Super. 2001), a case relied on by Mother, that discusses the judicial discretion allowed when formulating an appropriate sanction for failure to comply with a court order. In ***Ghaner***, this Court held that precluding a party "from introducing any exhibits or testimony was an [in]appropriate sanction given the facts of record before [the court]." ***Id.*** at 590. Here, the trial court explained that unlike the ***Ghaner*** case, Mother

---

[2] The pretrial order issued by the court prior to the master's hearing indicated the information that was required to be included in the pretrial statement. ***See*** Pretrial Order, 1/18/18, at (2)(a)–(e). The order also stated that "[a] party who fails to comply with any requirements of paragraph 2(a) through 2(e) of this order of court may not offer any testimony in support of claims for the matters covered in the paragraphs with which he has not complied, and any testimony offered in support of a claim for the matters covered in paragraphs 2(a) through 2(e) may not be inconsistent with or go beyond the fair scope of the information set forth in the pretrial statement." ***Id.*** at (4).

had been put on notice by numerous motions court arguments and orders of court that full and complete responses were required to resolve the parties['] complex support dispute. [Mother] had been repeatedly ordered to provide full and complete answers to interrogatories and pretrial discovery requests, and this [c]ourt believes that [Mother's] subsequent failure to submit a complete pretrial statement provided sufficient evidence of obduracy on the part of [Mother] to justify the [m]aster's decision to exclude [Mother's] evidence and testimony.

TCO at 3-4.

Although the record supports this statement by the trial court, relating to Mother's failures to respond to some court orders and to submit a complete pretrial statement, we are troubled by the court's decision due to a lack of a discussion that includes its factual findings and credibility determinations. Rather than including a discussion about anything other than the sanction imposed upon Mother based on her failure to include information in one part of her pretrial statement (argued by Mother in her first issue), the court identified Mother's list of exceptions and stated its conclusion that nothing in the record would support any of Mother's alleged errors. Notably, the trial court's statement regarding Mother's challenge, relating to the "enforcement of a purported agreement to reduce [Father's] support obligation," *id.* at 3, is not supported by any evidence in the record that the parties agreed to reduce support. Mother's allegation relating to this omission is contained in her argument pertaining to her sixth issue. Moreover, it is evident that the trial court's decision does not include a discussion about any of the other issues raised by Mother.

Therefore, we conclude that under the circumstances here, we must vacate the trial court's order and remand the matter for further proceedings, with the first determination to be directed at whether Mother should have been allowed to testify about the items that she did include in her pretrial statement. Moreover, if one of the parties appeals from the court's new order deciding the matter, the court should provide a discussion of the facts and its credibility determinations in an opinion accompanying its order. For the reasons stated *supra*, we vacate the order on appeal and remand for further proceedings.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/2/2020